IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:  REBECCA JOANNE MOSBY, ) | |
| ) | Bankr. Case No. 14-22981 |
| Debtor. ) | Chapter 7 |
| _____) | |
| ) | |
| REBECCA JOANNE MOSBY, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Case No. 15-9153-JWL |
| ) | |
| CARL L. CLARK, Chapter 7 Trustee, ) | |
| ) | |
| Appellee. ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

Debtor Rebecca Joanne Mosby appeals to this Court from the Bankruptcy Court's ruling sustaining the Trustee's objection to a claim of exemption. For the reasons stated below, the Court **affirms** the ruling of the Bankruptcy Court.

In filing for Chapter 7 bankruptcy protection, Debtor claimed that a certain inherited IRA (as defined in 26 U.S.C. § 408(d)) was exempt under K.S.A. § 60-2308(b).[1] The Trustee objected to the exemption, and the Bankruptcy Court sustained the objection, ruling that the inherited IRA did not fall within the language of Section 60-

---

[1]This issue is governed by Kansas's statutory exemptions because Kansas has opted out of the federal exemptions as permitted by 11 U.S.C. § 522(b). *See* K.S.A. § 60-2312.

2308(b). Debtor's appeal of that ruling turns on the interpretation of the statute, a question of law that this Court reviews *de novo*. *See Dalton v. I.R.S.*, 77 F.3d 1297, 1299 (10th Cir. 1996) (appeal from bankruptcy court). The Tenth Circuit has described the task of statutory interpretation as follows:

> When interpreting a statute, we first examine the statutory language itself. If unambiguous statutory language is not defined, we give the language its common meaning, provided that the result is not absurd or contrary to the legislative purpose.

*See id.* (citations omitted).

> Section 60-2308(b) provides in relevant part as follows:
>
> Except as provided in subsection (c) [not applicable here], any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement plan which is qualified under sections 401(a), 403(a), 403(b), 408, 408A or 409 of the federal internal revenue code of 1986, and amendments thereto, shall be exempt from any and all claims of creditors of the beneficiary or participant.

*See id.* Thus, under the statute's plain language, Section 60-2308(b) requires (1) that there be a "retirement plan" and (2) that the retirement plan be "qualified" under certain sections of the federal tax code.

The Court concludes that an inherited IRA is not a "retirement plan" for purposes of this exemption under Kansas law. Kansas courts have not construed that term as used in Section 60-2308(b), but the United States Supreme Court recently interpreted a similar term in *Clark v. Rameker*, 134 S. Ct. 2242 (2014), and the reasoning from that case applies here as well.

In *Clark*, a unanimous Court held that funds in an inherited IRA do not qualify

for the federal bankruptcy exemption found in 11 U.S.C. § 522(b)(3)(C). *See id.* The federal exemption protects "retirement funds" in an account exempt from taxation under certain sections of the tax code. *See Clark*, 134 S. Ct. at 2244 (quoting 11 U.S.C. § 522(b)(3)(C)). In applying the ordinary meaning of the term, the Court held that "retirement funds" means, under an objective standard (not case-by-case), "sums of money set aside for the day an individual stops working." *See id.* at 2246. The Court then concluded that inherited IRAs do not contain "retirement funds" under that definition because the holder of such an account may not make contributions to it and because the holder may withdraw the funds at any time without penalty and in fact *must* withdraw the funds according to certain deadlines, regardless of the holder's proximity to retirement. *See id.* at 2247. In those ways an inherited IRA differs from other IRAs that provide tax incentives for the owner to contribute and save money for retirement. *See id.* The Supreme Court noted that its interpretation is consistent with the Bankruptcy Code exemptions' purpose of protecting the debtor's essential needs, including his or her ability to meet basic needs in retirement years. *See id.* at 2247-48. The Court also rejected the debtors' argument that funds in an inherited IRA were "retirement funds" because those funds were set aside for retirement by the initial owner of the account; the Court concluded that the term implies that the funds *currently* reside in an account set aside for retirement, and that such a backward-looking inquiry as urged by the debtors would render superfluous the statute's requirement of "retirement funds," as Congress could otherwise simply have required the funds to be in an account exempt from taxation

under the particular sections of the tax code. *See id.* at 2248-49.

Debtor argues in the present case that *Clark* is not controlling because a different statute, using a different term, applies here. *Clark* is nevertheless persuasive and indicates how the United States Supreme Court would construe Section 60-2308(b), the exemption at issue here.[2] For the same reasons set forth in *Clark*—in sum, because an inherited IRA differs from other IRAs with respect to the holder's ability and incentive to save for retirement—an inherited IRA does not constitute a "retirement plan." Like the debtors in *Clark*, Debtor here argues that her inherited IRA was *originally* a "retirement plan," but the Court agrees with the Supreme Court that such a backward-looking interpretation would render meaningless the requirement that the funds presently be in a "retirement plan" (and not merely that they be in an account qualified under the particular sections of the tax code). Unlike other IRAs, an inherited IRA is not a "retirement plan" under the plain meaning of the term. Moreover, as in *Clark*, the Court's construction is consistent with the exemption's clear purpose of protecting

---

[2]Like this Court, the Supreme Court would predict how the Kansas Supreme Court would interpret the statute under Kansas law. The Kansas statute's reference to a "retirement plan" that also qualifies under certain federal statutes, however, suggests that the term is to be construed in a manner consistent with federal law—which lends *Clark*'s interpretation of the corresponding federal exemption even more persuasive force in the present case. The Court predicts that the Kansas Supreme Court would interpret the Kansas statutory exemption not to include inherited IRAs, for the same reasons explained in *Clark*.

4

money needed in retirement.[3]

The Court does not agree with Debtor the that use of the words "any money" in the statute means that the funds need not be in a plan held for present retirement purposes. The Kansas exemption covers "any money" payable from *or* any interest in a retirement plan. *See* K.S.A. § 60-2308(b). Thus, the word "any" simply means that there is no limitation on the exemption as long as the money comes from a "retirement plan." An inherited IRA, as explained above, is not a "retirement plan."

Debtor also argues that she is the beneficiary of the IRA that was originally held by her mother, and that the statute's use of both "participant" and "beneficiary" indicates an intent to cover inherited IRAs. Debtor argues that the use of the term "beneficiary" could *only* refer to a beneficiary of an inherited IRA, and that the use of the word would be superfluous otherwise. In opposition, however, the Trustee has provided various examples of situations involving beneficiaries of other retirement plans, such as in the case of employee beneficiaries of company pension or profit-sharing retirement plans. Debtor has not explained why those examples do not defeat her argument about the inclusion of the word "beneficiary" (she did not file a reply brief in support of her appeal

---

[3]In light of the purpose of such exemptions, and as the Bankruptcy Court noted, most courts pre-*Clark* interpreted similar state statutes not to cover inherited IRAs. *See generally* James L. Boring, et al., *Protection of Inherited IRAs*, 36 ACTEC L.J. 577 (Winter 2010). Since *Clark*, at least one other court has followed the Supreme Court's reasoning to interpret a state statutory exemption not to include inherited IRAs. *See In re Marriage of Branit*, __ N.E. 3d __, 2015 WL 5360757, at *3-6 (Ill. Ct. App. Sept. 14, 2015) (construing Illinois statute).

to this Court), and the Court concludes that the use of "beneficiary" in the statute does not suggest that the exemption must cover all situations involving beneficiaries whether or not the requirement of a "retirement plan" has been met.

Accordingly, the Court concludes that K.S.A. § 60-2308(b) does not extend to cover inherited IRAs.[4] The Court therefore affirms the ruling of the Bankruptcy Court sustaining the Trustee's objection to the claimed exemption.

IT IS THEREFORE ORDERED BY THE COURT THAT the ruling of the Bankruptcy Court is hereby **affirmed**.

IT IS SO ORDERED.

Dated this 30th day of October, 2015, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[4] In light of this ruling, the Court need not decide whether an inherited IRA is "qualified" under particular sections of the tax code as required by Section 60-2308(b). *See Clark*, 134 S. Ct. at 2246 n.2 (declining to address a similar issue in light of its construction of the statutory exemption not to include inherited IRAs).

6